UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
MIRANDA L.,

                      Plaintiff,          <u>DECISION AND ORDER</u>
                                                     1:23-CV-00869-GRJ

       v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

     In August of 2019, Plaintiff Miranda L.[1] applied for Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by Ny Disability, LLC, Daniel Berger, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10).

     This case was referred to the undersigned on January 3, 2024.  On January 30, 2024, this Court issued a Decision and Order granting Plaintiff judgment on the pleadings and directing a remand for further administrative

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

proceedings. (Docket No. 17). Judgment was entered on January 31, 2024. (Docket No. 18).

Presently pending is the Commissioner's Motion to Alter or Amend the Judgment Pursuant to Rule 59 (e) of the Federal Rules of Civil Procedure, filed on February 28, 2024, and supported by a memorandum of law. (Docket Nos. 19, 20). Plaintiff filed a memorandum of law in opposition on March 19, 2024. (Docket No. 21).

For the following reasons, the Commissioner's motion is denied.

## I.   LEGAL STANDARD

A party may move to alter or amend a judgment pursuant to Rule 59 (e) of the Federal Rules of Civil Procedure. "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992)(internal citations omitted).

The Commissioner does not present new evidence or contend that there has been an intervening change of law. This Court thus analyzes its Decision and Order for clear error of law.

The standard for granting a Rule 59 (e) motion "is strict, and reconsideration will generally be denied unless the moving party can point

to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Rafter v. Liddle*, 288 F. App'x, 768, 769 (2d Cir. 2008).

## II. DISCUSSION

### A. Remand Decision

Familiarity with this Court's Decision and Order granting Plaintiff judgment on the pleadings and directing a remand (Docket No. 17) is presumed so the Court will not repeat it here.

In its Decision and Order, this Court found that the ALJ failed to adequately develop the record. In May of 2021, Dr. Dusan Pekovic, a psychiatrist, submitted a letter stating that he had been treating Plaintiff for five and a half years, noting a diagnosis of bipolar disorder unspecified, and describing Plaintiff as suffering from "ongoing psychiatric disability." (T at 1286). Although the record contains Dr. Pekovic's treatment notes, it does not contain his assessment of Plaintiff's functional limitations.

Two mental health professionals (a consultative examiner and a non-examining medical expert who answered interrogatories) assessed greater limitation in Plaintiff's work-related functioning than the ALJ did. The ALJ discounted those assessments based largely on his interpretation of Dr.

Pekovic's treatment notes. (T at 27-28). This Court found that it was error for the ALJ, a layperson, to reach such a conclusion without first seeking Dr. Pekovic's opinion. This Court also found that reconsideration of Plaintiff's subjective complaints after further development of the record was required on remand.

### B. Request to Alter/Amend Decision and Order

The Commissioner does not challenge the decision to remand.

Instead, the Commissioner objects to the decision to the extent the Court instructed the ALJ to obtain an opinion from Plaintiff's treating psychiatrist. The Commissioner contends that this directive is not consistent with the new Regulations governing medical opinion evidence and improperly intrudes upon the ALJ's discretion as to how best to resolve inconsistencies and insufficiencies in the record.

Notwithstanding the abrogation of the treating physician's rule, the duty to develop the record, which includes re-contacting treating providers when needed to afford the claimant a full and fair hearing based on an adequately developed record, applies to claims governed by the new Regulations. *See, e.g., Snoke v. Comm'r of Soc. Sec.*, No. 22-CV-3708 (AMD), 2024 WL 1072184, at *9 (E.D.N.Y. Mar. 12, 2024); *Fintz v. Kijakazi*, No. 22-CV-00337(KAM), 2023 WL 2974132, at *7 (E.D.N.Y. Apr. 15, 2023);

*Cheryl W. v. Kijakazi*, No. 3:22-CV-1476 (VAB), 2024 WL 1012923, at *5 (D. Conn. Mar. 8, 2024); *Daniela B. v. Kijakazi*, 675 F. Supp. 3d 305, 316 (E.D.N.Y. 2023); *see also Ramos v. Comm'r of Soc. Sec.*, No. 20-CV-9436 (OTW), 2023 WL 3380660, at *2 (S.D.N.Y. May 11, 2023); *Skartados v. Comm'r of Soc. Sec.*, No. 20-CV-3909 (PKC), 2022 WL 409701, at *4 (E.D.N.Y. Feb. 10, 2022).

Here, for the reasons stated in the Decision and Order, this Court finds that seeking an opinion from Plaintiff's treating psychiatrist is necessary for a proper determination of whether Plaintiff is disabled within the meaning of the Social Security Act.

### III.   CONCLUSION

For the foregoing reasons, the Commissioner's Motion to Alter or Amend the Judgment (Docket No. 19) is DENIED.

Dated: April 3, 2024                    */s/ Gary R. Jones*
                                                    GARY R. JONES
                                                    United States Magistrate Judge